The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Industrial Commission Form 60 Admission of Employee's Right to Compensation dated 23 February 1995 reflects that plaintiff has been paid compensation by the defendant from 30 January 1995 through 20 March 1995 when disability compensation benefits were terminated by a Form 24.
2. On 30 January 1995 the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On 30 January 1995 the employer-employee relationship existed between the parties.
4. On 30 January 1995 defendant was a duly qualified self-insured under the provisions of the North Carolina Workers' Compensation Act.
5. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 30 January 1995.
6. On 30 January 1995 plaintiff was earning an average weekly wage of $565.81.
7. That the issues to be determined in this case are:
 a. Was defendant justified in terminating plaintiff's employment on 20 March 1995;
 b. Has plaintiff carried his burden of proof to establish that his earning capacity has been diminished by the incident of 30 January 1995;
 c. To what compensation, if any, is plaintiff entitled under the Act.
8. The parties further stipulate into evidence six pages of medical records together with an agreement of facts.
At the hearing on 22 July 1996 the parties introduced the following exhibits:
1. Defendant's Exhibit 1, marked D1, consisting of a health statement dated 26 January 1993.
2. Defendant's Exhibit 3, marked D3, consisting of documents used in discipline procedures.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FADO
1. On 30 January 1995 plaintiff sustained an injury by accident to his back in the course and scope of his employment with defendant while performing the duties of a warp changer for which he was paid temporary total disability compensation benefits from 30 January 1995 through 20 March 1995.
2. Prior to his employment with defendant-employer, plaintiff in 1991 had sustained a previous low back injury when he fell off a front-end loader for which he underwent surgery and a fusion of his lower back.
3. However, in his 26 January 1993 job application to defendant plaintiff represented in writing to defendant that he had no previous back injuries. Plaintiff's initial treating doctor for the 1995 injury referred plaintiff back to Dr. Garner who had performed surgery and a fusion following the 1991 injury. It was only at this time that defendant-employer became aware of plaintiff's prior serious back injury.
4. Subsequent to the incident on 30 January 1995, at which time the previous back condition resulting from the injury in 1991 was exacerbated, plaintiff received medical care and treatment and was medically released to return to work without restrictions and with no permanent disability on 20 March 1995.
5. Defendant provided plaintiff with medical care and treatment and temporary total disability compensation benefits until 20 March 1995 when plaintiff was terminated by defendant because of his misrepresentation to defendant that he had no back injury prior to being employed by defendant in 1993. But for plaintiff's deliberate actions of misrepresentation, plaintiff would have been provided the same job he previously had performed on 20 March 1995 when he was released to return to work without any restrictions. Plaintiff was advised by defendant's representative that he could re-apply for employment after a period of six months.
6. On 24 April 1995 plaintiff found employment with another employer earning less wages than he was earning while employed with defendant.
7. On 24 April 1995 plaintiff was under no medical restrictions concerning his ability to work and was not earning less wages than prior to his injury because of physical disabilities with respect to his back or the injury of 30 January 1995.
8. Subsequent to 20 March 1995 plaintiff made no further application to defendant to return to work.
************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 30 January 1995 plaintiff sustained an injury by accident in the course and scope of his employment with defendant to his back while performing the duties of a warp changer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no further temporary total disability compensation benefits other than those which he has already been paid by defendant in view of the fact that, as he had previously been placed on notice, his employment was terminated as of 20 March 1995 because of falsification of work-related records and in view of the fact he had been medically released as of 20 March 1995 to return to full-time work without restriction and without a medical determination of permanent partial disability.Seagraves v. Austin Company of Greensboro, 123 N.C. App. 228,478 S.E.2d 587 (1996).
3. Plaintiff has failed to carry his burden of proof that his reduction in pay as of 24 April 1995 when he returned to work for another employer was related to a disability or decrease in earning power resulting from his injury on 30 January 1995 and therefore is entitled to no temporary partial disability compensation benefits. N.C. Gen. Stat. § 97-30.
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for further benefits under the provisions of the North Carolina Workers' Compensation Act is HEREBY DENIED and DISMISSED.
2. Each party shall bear its own costs.
This is the _____ day of November 1997.
 S/ _____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ KIM L. CRAMER DEPUTY COMMISSIONER
DISSENTING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
DCS:jmf